UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES THEYERL,
        Plaintiff,

v.                                                           Case No. 05-C-793

GAIL HOFFMAN,
        Defendant.

**MEMORANDUM AND ORDER**

        Plaintiff James Theyerl, who is proceeding pro se, filed a "procedural action for declaratory judgment under authority of Title 28, section 2201." Though now released, plaintiff was incarcerated at the Brown County Detention Center at the time he filed the above matter. He has since entered a plea of guilty to one count of filing a false IRS Form in violation of 26 U.S.C. § 7602(1) and one count of passing a fictitious sight draft in violation of 18 U.S.C. § 514(a)(2), and is awaiting sentencing.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, even if the inmate has paid the filing fee. 28 U.S.C. § 1915A(a); *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Plaintiff seeks what he deems to be a declaration of rights relating to his pending criminal case. The essence of his complaint seems to be the validity of the warrant used to arrest him, which was not signed by a judge. This issue was addressed by Magistrate Judge Callahan in his recommendation dated June 9, 2005, and I need not revisit it. In any event, there is no authority which would warrant a judicial officer in a civil action making a "legal determination of the five points of law" (the remedy Theyerl seeks) regarding a plaintiff's pending criminal case. It is evident that Theyerl is attempting to circumvent the due process he has been afforded in his criminal case by bringing this civil action, but his attempt will be unsuccessful. Apart from the fatal problem just noted, courts have no jurisdiction to hear matters that are not cases or controversies; they cannot dispense legal advice or opine on abstract legal rights. Accordingly, as the complaint fails to set forth a cognizable legal claim, it must be dismissed. **SO ORDERED.**

**IT IS FURTHER ORDERED** that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. § 1915A(b)(1) as frivolous **OR** for failure to state a claim upon which relief may be granted **OR** because defendant is immune from the relief sought.

**IT IS FURTHER ORDERED** that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   16th   day of August, 2005.

                                            s/ William C. Griesbach
                                            William C. Griesbach
                                            United States District Judge